The defendant was convicted of indecent assault and battery on a person fourteen years of age or older in violation of G. L. c. 265, § 13H. On appeal he argues only that the admission at trial of the recordings of two telephone calls between the defendant and a private citizen, the roommate of the victim, was prejudicial error.
We may assume without deciding that these recordings, made by the victim's roommate without the knowledge or consent of the defendant, were made in violation of G. L. c. 272, § 99. The defendant's only argument is that because these recordings were made in violation of the statute and were harmful because they may well have been relied upon by the jury, the judge was required to exclude them. Our case law is clear, however, that when a private individual makes such an unlawful recording and there was no police involvement of any kind in the creation of the recording, nor any knowledge by the police that the telephone call was being recorded, its exclusion at a criminal trial is not required. See Commonwealth v. Barboza, 54 Mass. App. Ct. 99, 103-105 (2002). The defendant, who raises no argument, aside from the statutory violation simpliciter, why the judge's admission of the recordings was an abuse of discretion, thus has not demonstrated an entitlement to their exclusion. Since the defendant has not shown any error in their admission, the extent to which the jury might have relied upon these pieces of evidence is immaterial.
Judgment affirmed.